**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PIPE FITTERS' RETIREMENT FUND, LOCAL 597, | ) | |
| PIPE FITTERS' WELFARE FUND, LOCAL 597, | ) | |
| PIPE FITTERS' TRAINING FUND, LOCAL 597, | ) | CASE NO.: 22-cv-4241 |
| CHICAGO AREA MECHANICAL CONTRACTING | ) | |
| INDUSTRY IMPROVEMENT TRUST, THE PIPE | ) | |
| FITTERS' ASSOCIATION, LOCAL 597 U.A., PIPE | ) | JUDGE: |
| FITTERS INDIVIDUAL ACCOUNT AND 401(k) | ) | |
| PLAN, and PIPE FITTING COUNCIL OF GREATER | ) | |
| CHICAGO, | ) | MAGISTRATE JUDGE: |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AIR CON REFRIGERATION AND HEATING, | ) | |
| INC., an Illinois Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Now come Plaintiffs, the PIPE FITTERS' RETIREMENT FUND, LOCAL 597, *et al.,* by

and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant AIR CON

REFRIGERATION AND HEATING, INC. ("AIR CON") and allege as follows:

**JURISDICTION AND VENUE**

1.      This action arises under Sections 502 and 515 of the Employee Retirement Income Security

Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of

the Labor-Management Relations Act.  (29 U.S.C. § 186).  The Court has jurisdiction over

the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the PIPE FITTERS'

RETIREMENT FUND, LOCAL 597, the PIPE FITTERS' WELFARE FUND, LOCAL

597, the PIPE FITTERS' INDIVIDUAL ACCOUNT AND 401(k) PLAN and the PIPE

FITTERS' TRAINING FUND, LOCAL 597 (collectively "TRUST FUNDS"), are

administered at 45 North Ogden Avenue, Chicago, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

<u>**PARTIES**</u>

3.   The TRUST FUNDS receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the PIPE FITTERS ASSOCIATION, LOCAL UNION 597, U.A. ("UNION"), and therefore are multiemployer plans under 29 U.S.C. § 1002.

4.   The CHICAGO AREA MECHANICAL CONTRACTORS INDUSTRY IMPROVEMENT TRUST ("INDUSTRY FUND") is an industry improvement fund administered in Burr Ridge, Illinois.

5.   The PIPE FITTING COUNCIL OF GREATER CHICAGO ("PFCGC") is a labor management cooperation committee that is administered in Chicago, Illinois.

6.   The UNION is the bargaining representative of Defendant AIR CON's pipefitter employees.

7.   The Defendant AIR CON is an Illinois corporation with its principal place of business located in Waukegan, Illinois.

<u>**COUNT I**</u>
<u>**BREACH OF THE AREA AGREEMENT**</u>

8.   Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9.   Prior to October 1, 2001, AIR CON designated the Mechanical Contractors Association of Chicago ("MCAC") as its bargaining representative for purposes of negotiating a collective bargaining agreement with the UNION.

10.   Effective October 1, 2001, the UNION and the MCAC entered into an Area Agreement governing the employment of signatory employers' pipefitter employees.

11.   AIR CON was a signatory employer bound to the October 1, 2001 Area Agreement.

12.   The October 1, 2001 Area Agreement contains an evergreen clause wherein signatory employers became bound to successor Area Agreements negotiated between the UNION and the MCAC.

13.   On March 9, 2012, the UNION and the MCAC entered into an Area Agreement that extend through June 1, 2014.  (A copy of the March 9, 2012 Area Agreement is attached as **Exhibit 1**).

14.   On February 6, 2014, the UNION and the MCAC entered into an agreement extending the terms of the March 9, 2012 Area Agreement through May 31, 2015.  (A copy of the Resolution of the Joint Arbitration Board is attached as **Exhibit 2**).

15.   On May 19, 2015, the UNION and the MCAC entered into an Area Agreement in effect for the period of June 1, 2015 through June 1, 2018.  (A copy of the June 1, 2015 Area Agreement is attached as **Exhibit 3**).

16.   Through the Area Agreements referred to in paragraphs 10 through 15 above, Defendant AIR CON also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

17.   Pursuant to the provisions of the Area Agreements and the Trust Agreements, AIR CON is required to make monthly reports of hours worked by bargaining-unit employees and pay contributions to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for each hour worked pursuant to the Area Agreements at the negotiated rate.   The monthly reports

and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

18.     Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Area Agreements and Trust Agreements, employers who fail to remit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

19.     Pursuant to the provisions of the Area Agreements and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY FUND and the PFCGC on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the rate of 1% per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

20.     Pursuant to the Area Agreements and properly executed dues check-off cards signed by AIR CON's bargaining unit employees, AIR CON is required to deduct union dues from its employees' paychecks and remit payment of those dues to the UNION.

21.     Article V, Section 5(a) of each of the Area Agreements provides as follows:

>       No Employer shall contract or subcontract any work, to be done at a specific job site of construction, alteration or repair of a building, structure or other work, which comes within the Territorial and Trade Jurisdictions, to any person, firm or corporation not covered by a collective bargaining agreement with the Union, if Employer or any subcontractor of Employer will at any time have an Employee at work at that specific job site.

>       (**Exhibits 1 and 3**).

22.     Pursuant to the rules and policies adopted by the Trustees of the TRUST FUNDS, the INDUSTRY FUND and the PFCGC, employers that violate Article V, Section 5(a) of the Area Agreements are required to pay contributions for the hours worked by their non-union subcontractors for labor performed within the UNION's Territorial and Trade Jurisdictions.

23.     When an invoice from a non-union subcontractor does not detail the number of hours of labor performed, the TRUST FUNDS, the INDUSTRY FUND and the PFCGC's independent payroll compliance auditor divides the invoice amount by the hourly wage payable to journeymen at that point in time and then multiples that number by the hourly contribution rate payable to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC at that point in time.

24.     The TRUST FUNDS, the INDUSTRY FUND and the PFCGC's independent payroll compliance auditor conducted an audit of AIR CON for the period of December 1, 2013 through December 31, 2016 which, based on her calculations, resulted in $78,694.75 owed to the TRUST FUNDS, the INDUSTRY FUND and the PFCGC for contributions attributable to the hours worked by employees of a non-union subcontractors, Chicago Cooling Tower Company d/b/a Imbert Services Corp. and Standard Industrial and Automotive Equipment, Inc.   (A copy of the December 1, 2013 through December 31, 2016 payroll compliance audit is attached as **Exhibit 4**).

25.    Specifically, the TRUST FUNDS, the INDUSTRY FUND and the PFCGC's independent payroll compliance auditor conducted as follows:

---

### *Subcontractor Write Up*

During our review of disbursements, we have found a payment to a non-union subcontractor. Chicago Cooling Tower d/b/a Imbert Services Corp. was verified as a non-union company. They were contracted to "remove and replace cooling tower spray nozzles to flow for new chiller application" on 12/28/2014. Please see attached copy of the invoice. We have included this amount in the findings of this audit.

| Invoice | Date | Amount | Jman Rate per Hour | Estimated Hours | Jman Benefit Rate Per Hour | Contributions Due |
|---|---|---|---|---|---|---|
| 0006969-IN | 12/28/2014 | $ 5,400.00 | 46.00 | 117.39 | 27.72 | **3,254.09** |

Also during our review of disbursements, we have found payments made to Standard Indusrial & Automotive Equipment, Inc. This company is not signatory with Local 597. The company had quoted work as: "install Model HV45 Hrdrovane Air Compressor, Model VNC Hydrovane Refrigeration Air Dryer, 240 Gallon Remote Storage Tank, and Model S1 Hydrovane System Controller. This Compressed Air System will be plumbed in a isolate complete air loop using associated Parker Transair Pipe and Fittings for the service area addition". We have discussed these invoices with Mr. Michael Maloney, and they are to be considered as non-union subcontractor use. Please see the attached copies of these reviewed invoices.

| Invoice | Date | Labor Amount | Jman Rate per Hour | Estimated Hours | Jman Benefit Rate Per Hour | Contributions Due |
|---|---|---|---|---|---|---|
| INV-746 | 8/9/2013 | $ 39,775.00 | $ 46.00 | 864.67 | $ 27.72 | $ 23,968.76 |
| INV-2980 | 12/17/2013 | $ 39,775.00 | $ 46.00 | 864.67 | $ 27.72 | $ 23,968.76 |
| INV-9500 | 3/20/2015 | $ 18,350.50 | $ 46.00 | 398.92 | $ 27.72 | $ 11,058.17 |
| INV-9917 | 4/20/2015 | $ 19,099.50 | $ 46.00 | 415.21 | $ 27.72 | $ 11,509.52 |
| INV-9918 | 4/20/2015 | $ 3,000.00 | $ 46.00 | 65.22 | $ 27.72 | $ 1,807.83 |
| INV-11193 | 6/29/2015 | $ 574.07 | $ 47.00 | 12.21 | $ 28.99 | $ 354.09 |
| INV-11194 | 6/29/2015 | $ 4,496.58 | $ 47.00 | 95.67 | $ 28.99 | $ 2,773.53 |

Total Contributions due for use of Standard Industrial & Automotive Equipment, Inc.   $ 75,440.66

Total Contributions Due for Non-Union Subcontractor use: $ 78,694.75

---

(**Exhibit 4**).

26.    Defendant AIR CON has a continuing obligation to contribute to the TRUST FUNDS, INDUSTRY FUND, and PFCGC and to pay union dues deducted from its employees' wages to the UNION. Therefore, additional amounts may be owed by AIR CON which the Plaintiffs also seek to include in damages for any judgment.

27.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies

that are due and owing from AIR CON.

28.    Defendant AIR CON is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Area Agreements, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A.    That Judgment be entered in favor of Plaintiffs and against Defendant AIR CON in the aggregate amount of $78,694.75 for its violation of the Area Agreements' union subcontracting clause;

B.    That Judgment be entered in favor of Plaintiffs and against Defendant AIR CON for all unpaid contributions, union dues, 401(k) elective deferrals, liquidated damages and interest found to be due and owing in addition to the amounts mentioned in paragraph A above;

C.    That Defendant AIR CON be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Area Agreements, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

D.    That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant AIR CON's costs, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PIPE FITTERS' RETIREMENT FUND,
LOCAL 597,** *et al.*

By: /s/ Hussein M. Issa - 6340001
One of Plaintiffs' Attorneys

Hussein M. Issa
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5472
issa@johnsonkrol.com